UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Madeleine P. Turner

    v.                                                Civil No. 10-cv-001-SM

Wells Fargo Home Mortgage, et al.

**O R D E R**

Madeleine Turner files this action and motion for a temporary restraining order[1] seeking to enjoin the closing of the sale of her home, scheduled on January 11, 2010. Turner alleges that she has lived in her home at 36 Charleston Street in Manchester, New Hampshire since 1992, and that in the spring of 2009, she became delinquent in her mortgage payments due to illness and a loss of income due to the downturn in the economy.

Turner claims that she contacted her mortgage holder, Wells Fargo Home Mortgage (hereinafter "WF"), and attempted to modify her mortgage agreement. Turner was told that she would likely

---

[1]Turner calls her request a "Motion for Preliminary Injunction" (document no. 3). Liberally construing her request, because she is a pro se plaintiff, I find that Turner seeks, at this time, a Temporary Restraining Order under Fed. R. Civ. P. 65(b) which permits this Court to issue a temporary restraining order without written or oral notice to the adverse party or its attorney under certain circumstances.

qualify for one of several available mortgage modification programs.  It does not appear that Turner ever entered into any mortgage modification program, and WF eventually commenced foreclosure proceedings.

Turner asserts that she was repeatedly advised by WF employees that as long as she was committed to finding a mortgage modification that would enable her to repay her mortgage, foreclosure could, and would, be postponed.[2]  An auction sale of Turner's home was scheduled in September 2009 and ultimately postponed until November 4, 2009, and then December 11, 2009.  As late as December 7, 2009, WF was sending correspondence to Turner regarding potential mortgage modification and repayment programs for which she might qualify.  On December 10, 2009, Turner contacted Auriton, a consumer counseling agency.  While on a three-way call with a representative from Auriton and a representative from WF, Turner claims that the WF representative told her that a directive to stop the sale had been sent and that the December 11 foreclosure sale should be cancelled.  The WF

---

[2] It appears that the mortgage on Turner's home was assigned by WF to Federal National Mortgage Association ("Fannie Mae") on or before September 2, 2009.  Because WF continued to deal with Turner until December 2009, I presume that WF was retained as Fannie Mae's agent regarding Turner's loan.

representative told Turner that she should keep calling until the sale was cancelled.

Despite Turner's efforts, the sale was not cancelled and, on December 11, 2009, her house was sold at auction while Turner was at work.  The house was sold to a third party for $87,200, approximately the amount Turner owed.  Turner has identified the third party as Sam Katz.  The foreclosure was handled by the Harmon Law Offices in Newton, Massachusetts.

The third party buyer is scheduled to close on the house on January 11, 2009.  Turner is still living in the house and seeks to enjoin the closing, alleging the foreclosure sale was illegal, and should be enjoined, as WF had promised her that the sale would be postponed while she made good faith attempts to qualify for mortgage repayment programs, and then told her that the December 11, 2009 sale would be cancelled.

Turner claims that the sale of the house would cause her irreparable injury, as she would have to move from her house of 17 years, and that enjoining the sale is the only way that harm can be prevented.  Although Turner has not set out a specific legal basis for relief in her pleadings, I preliminarily construe her request to arise under New Hampshire's Consumer Protection

Act, N.H. Rev. Stat. Ann. ("RSA") 358-A (2006) ("CPA"), in that she alleges that the defendant, by engaging in unfair, deceptive, and predatory lending practices, caused her the harm described. Further, Turner's allegations, if true, may give rise to a cause of action under RSA 479:25, regarding the mortgage holder's obligations in a foreclosure sale and remedies for violations of those obligations.  Because the parties are in different states[3] and the amount alleged to be in controversy exceeds $75,000, this Court may entertain this action under its diversity jurisdiction. See 28 U.S.C. § 1331.

I direct that a hearing be scheduled in this matter on Friday, January 8, 2010, at 11:00 a.m.  In order to obtain relief, Turner is directed to make a bona fide and good faith effort to comply with the requirements of Fed. R. Civ. P. 65(b), which states as follows:

> The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

---

[3]Turner's pleadings include only Minnesota, Illinois and Iowa address for defendant Wells Fargo.  As stated, plaintiff is a New Hampshire resident.

4

>   (A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to
>
>   the movant before the adverse party can be heard in opposition; and
>
>   (B)   the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required[4];
>
>   . . .

Turner is directed, therefore, to make a bona fide and good faith effort to notify Harmon Law Offices, the attorneys representing the foreclosing party, of her claims and the time and place of the January 8, 2010 hearing.

The Clerk's Office is directed to schedule a hearing on this matter for Friday, January 8, 2010 at 11:00 a.m.  The Clerk's Office is further directed to immediately notify Harmon Law Offices of the scheduled hearing, and to direct Harmon Law Offices to notify Sam Katz, of the date and time of the scheduled

---

[4]As Turner, the movant in this action, is proceeding pro se, this requirement applies to Turner's actions.

hearing.[5]

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:     January 7, 2010

cc:       Madeleine P. Turner, pro se
          Harmon Law Offices


JM:jba

---

[5] According to documents in file, Harmon Law Office is located at 150 California Street, Newton, Massachusetts 02458, telephone no. (617) 558-0500 and fax no. (617) 244-7304. On December 12, 2009, Sam Katz provided Turner with a phone number of (603) 661-0717.