```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

Madeleine P. Turner

    v.                                                                   Civil No. 10-cv-001-SM

Wells Fargo Home Mortgage, et al.

## REPORT AND RECOMMENDATION

Before the Court is Madeleine P. Turner's motion for a temporary restraining order (document no. 3). Chief Judge McAuliffe has referred the matter to me for my consideration and recommendation (document no. 6). A hearing on Turner's motion was held before me on January 8, 2010.

### Background

Turner alleges that the mortgage on her home was held by defendant, Wells Fargo Home Mortgage (hereinafter "WF"). Turner stopped making payments after March of 2009 and she admits that she is at least $8000 in arrears on her mortgage payments. Turner claims that since March of 2009, she has been attempting to work with WF in order to reach an agreement with them for a payment modification she can afford or to find a government assistance program to help her to become current in her mortgage

obligation.  Turner testified at the hearing that she made numerous attempts to enter into such an agreement or program, but that WF continually gave her the run-around by bouncing her from representative to representative and otherwise failed to assist her in finding an affordable mortgage repayment or modification plan.  Turner testified that WF representatives told her that although foreclosure proceedings commenced in August 2009, that the foreclosure sale of her home would not occur as long as she was working with them to find a way to repay her mortgage.  The foreclosure sale of her home was scheduled and postponed three times, and was finally scheduled for December 11, 2009.

On December 10, 2009, Turner, concerned that she had not been notified of a postponement of the scheduled December 11, 2009 auction sale, contacted WF with the assistance of Auriton, a non-profit financial counseling agency.  Turner testified that WF representatives advised her, both on December 10 and on the morning of December 11, 2009, that the sale should have been postponed, as she was still attempting to qualify for a repayment or modification program.  On the morning of December 11, 2009, Turner claims that at least one person at WF told her that the paperwork to postpone the sale should be "coming through" any

minute.  The postponement, however, did not occur.  The house was auctioned and sold to a third party, Sam Katz, for $87,200.  Katz paid $5000 earnest money at the time of the sale, has funds presently available to purchase the house, and is scheduled to finalize the sale on January 11, 2010.

## Standard of Review

"To determine whether to issue a temporary restraining order, this Court applies the same four-factor analysis used to evaluate a motion for preliminary injunction."  Nw. Bypass Group v. U.S. Army Corps of Eng'rs, 453 F. Supp. 2d 333, 337 (D.N.H. 2006).  Those factors are: (1) the likelihood of success on the merits of the underlying claim; (2) the potential for irreparable harm to the movant if injunctive relief is denied; (3) the balance of hardships to the nonmovant(s) if enjoined, as contrasted with the hardship to the movant if injunctive relief is denied; and (4) the effect, if any, of the court's ruling on the public interest.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).  As with a preliminary injunction, the party seeking relief bears the burden of demonstrating that these factors weigh in favor of granting an injunction.  See Nw.

Bypass Group, 453 F. Supp. 2d at 337-38 (citing <u>Nieves-Marquez v. Puerto Rico</u>, 353 F.3d 108, 120 (1st Cir. 2003)).

Discussion

The procedure that WF was required to follow in order to be able to lawfully foreclose on Turner's home are governed by N.H. Rev. Stat. Ann. § ("RSA") 479:25. RSA 479:25, II states that a mortgagee seeking to foreclose on a property by auction sale must send the mortgagor a foreclosure notice before the sale. That notice must state: "'You are hereby notified that you have a right to petition the superior court for the county in which the mortgaged premises are situated, with service upon the mortgagee, and upon such bond as the court may require, to enjoin the scheduled foreclosure sale." RSA 479:25, II. That statue goes on to say that "[f]ailure to institute such petition and complete service upon the foreclosing party, or his agent, conducting the sale prior to sale shall thereafter bar any action or right of action of the mortgagor based on the validity of the foreclosure." <u>Id.</u>

Turner's action here is a challenge to the validity of the foreclosure. Turner acknowledges that she received the foreclosure notice, and that the notice contained the required

statutory language.  Turner admits that she took no pre-sale action in the Superior Court to enjoin the sale.  While Turner claims that she was treated unfairly, she has not proven that WF violated the notice statute, or took any action that prevented her from filing a pre-sale petition in the Superior Court to enjoin the sale based on the validity of the foreclosure.  Turner has not proven facts to demonstrate any reason why the requirements of 479:25, II should not apply in this matter. Plaintiff has therefore failed to meet her burden to demonstrate that she is entitled to a temporary restraining order.  See Nw. Bypass Group, 453 F. Supp. 2d at 337-38.  Accordingly, I recommend that the request for a temporary restraining order be denied.[1]

Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauth.

---

[1] While I recommend the denial of the motion for temporary injunctive relief, this action is still pending preliminary review to determine whether it states a valid claim for damages under Murphy v. Fin. Dev. Corp., 126 N.H. 536, 541, 495 A.2d 1245, 1249-50 (1985), which establishes a duty on the part of the mortgagee executing a power of sale under RSA  479:25 to protect the financial interests of a mortgagor in the sale.

Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                                /s/ James R. Muirhead
                                                James R. Muirhead
                                                United States Magistrate Judge

Date:     January 8, 2010

cc:       Madeleine Turner, pro se
          Jeff Clark, Esq.
          Paul English, Esq.


JM:jba