UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Madeleine P. Turner

    v.                                            Civil No. 10-cv-001-SM

Wells Fargo Home Mortgage, et al.

    v.

Sam Katz[1]


**O R D E R**

Madeleine Turner files this action against Wells Fargo Home Mortgage (hereinafter "WF") and Federal National Mortgage Association (Fannie Mae) (hereinafter "FNMA"), complaining that defendants sold her home at a foreclosure auction for less than its market value, and as a result she has lost the value of the equity she had in the home.[2] Because Turner is proceeding pro se

---

[1] At the January 8, 2010 hearing on Turner's motion for injunctive relief, this Court granted Sam Katz's motion to intervene in this action.

[2] Turner filed a motion for injunctive relief (document nos. 2 & 4) which was referred to me on January 6, 2010 (document no. 6). After a hearing, I recommended that the motion be denied (document no. 11). Over Turner's objection (document no. 12), the recommendation was approved on January 11, 2010 (document no.

and in forma pauperis, the matter is before me for preliminary review to determine whether Turner has stated a claim upon which relief might be granted. See 28 U.S.C. § 1915(e)(2); United States District Court Local Rule 4.3(d)(1)(B) (authorizing Magistrate Judge to conduct preliminary review in cases where plaintiff is proceeding pro se and in forma pauperis).

### Standard of Review

Under this Court's local rules, when a person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(1).  In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st

---

13).  After disposition of the request for injunctive relief, Turner's claim for damages regarding the loss of the value of her equity in her home is the only claim remaining in this action.

Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that

requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950 (citation omitted).

## Background

Turner has lived in her home at 36 Charleston Street in Manchester, New Hampshire since 1992.  In the spring of 2009, she became delinquent in her mortgage payments due to a loss of income resulting from illness and the downturn in the economy.

Upon realizing that she would not be able to make her mortgage payments as previously agreed, Turner contacted her mortgage holder, WF,[3] and attempted to modify her mortgage agreement.  Despite numerous attempt to find a modification or assistance program, Turner never entered into any such program, and WF eventually commenced foreclosure proceedings.

An auction sale of Turner's home was scheduled in September 2009 and ultimately postponed several times until finally being scheduled on December 11, 2009.  After Turner's eleventh hour negotiations failed to result in a new mortgage agreement, the sale proceeded as scheduled.  Turner's home was sold to Sam Katz at a foreclosure auction held on the property on December 11,

---

[3] It appears that the mortgage on Turner's home was assigned by WF to FNMA on or before September 2, 2009.  Because WF continued to deal with Turner until December 2009, I presume that WF was retained as FNMA's agent regarding Turner's loan.

4

2009.  The house was sold for $87,200, approximately the amount Turner owed to WF.  Turner alleges that her house is worth significantly more than that, and that the defendant mortgagees failed to properly protect her rights in the sale.  As a result, Turner claims she has lost all of the value of the equity in her home.

In my Order scheduling the January 8, 2010 hearing (document no. 5), I preliminarily construed Turner's complaint to allege a claim under New Hampshire's Consumer Protection Act, N.H. Rev. Stat. Ann. § ("RSA") 358-A (2006).  After the hearing, the Court found that Turner is precluded from challenging the validity of the sale of her home by RSA 479:25.  See Order (Jan. 11, 2010) (document no. 13) (approving Jan. 8, 2010 Report and Recommendation).  Accordingly, I will not further consider any claim challenging the validity of the foreclosure sale.

Turner now asserts a claim for damages, alleging that the sale was conducted in a manner that damaged her, by failing to protect her interest in the equity she held in her home.  In New Hampshire, "a mortgagee executing a power of sale is bound . . . by a duty to protect the interests of the mortgagor through the exercise of good faith and due diligence."  Murphy v. Fin. Dev.

Corp., 126 N.H. 536, 540, 495 A.2d 1245, 1249 (1985). A mortgagee must, accordingly, "exert every reasonable effort to obtain a fair and reasonable price under the circumstances, even to the extent, if necessary, of adjourning the sale or of establishing an upset price below which he will not accept any offer." Murphy, 126 N.H. at 541, 495 A.2d at 1250-51 (internal citations and quotations omitted). Turner alleges that given the amount of equity she had in her home, the selling price, and the circumstances of the sale, the failure to sell the house for a price that provided her some recompense for her equity was unreasonable and unfair. Turner specifically complains that the defendant mortgagees' failure to insist on a price in excess of the amount that was owed to WF was a breach of its duty to protect her interests.

It appears that jurisdiction of this state law dispute is appropriate in this Court under this Court's diversity jurisdiction because the parties are in different states[4] and the amount alleged to be in controversy exceeds $75,000.[5] Based on

---

[4]Turner's pleadings include only Minnesota, Illinois and Iowa address for defendant Wells Fargo. Plaintiff is a New Hampshire resident.

[5]Although it does not appear in the complaint, testimony at the hearing established that Turner believes she might have had

the record presently before the Court, I find that the addition of non-diverse intervenor Sam Katz to this action does not destroy this Court's diversity jurisdiction.  See In re Olympic Mills Corp., 477 F.3d 1, 12 (1st Cir. 2007) (finding that the weight of authority holds that claims by necessary but dispensable, nondiverse defendant-intervenors do not defeat the original diversity jurisdiction obtained at commencement of action).

Without commenting on the merits of the complaint, I find that Madeleine Turner has stated a claim upon which relief may be granted for a breach of mortgagees' duty to protect her financial interests in the foreclosure sale of her home.  Accordingly, I order that the complaint be served on defendants and the intervenor defendant.  My review of the file indicates that Turner has completed summons forms for defendants.  There is no summons form for the intervenor defendant, Sam Katz.  The Clerk's office is directed to complete a summons form for the intervenor defendant.  The Clerk's office shall then issue the summonses against defendants and the intervenor defendant and forward to the United States Marshal for the District of New Hampshire (the

---

upwards of $100,000 worth of equity in her home at the time of the sale.

"U.S. Marshal's office") the summonses and copies of the complaint (document no. 1), the motion for preliminary injunction (document no. 2), the addendum to the motion for preliminary injunction (document no. 4), the January 8, 2010 Report and Recommendation (document no. 11), Turner's objection to the Report and Recommendation (document no. 12) and the Court's Order approving the Report and Recommendation (document no. 13), and this Order. Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendants and the intervenor defendant. See Fed. R. Civ. P. 4(c)(2).

Defendants and intervenor defendant are instructed to answer or otherwise plead within twenty days of service. See Fed. R. Civ. P. 12(a)(1)(A).

Madeleine Turner is instructed that all future pleadings, written motions, notices, or similar papers shall be served

directly on the defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

    **SO ORDERED.**

                                              /s/ James R. Muirhead
                                              James R. Muirhead
                                              United States Magistrate Judge

Date:     January 20, 2010

cc:       Madeleine Turner, pro se
          Jeffrey J. Clark, Esq.
          Paul C. English, Esq.

JM:jba